All right. You may call the next matter. We should have talked about calling together. All right. Good morning. Good morning, Your Honors. Shmuel Erde, appellant in pro se, and debts are in the bankruptcy court below. Mr. Erde, you're here on two appeals with no appellee on either one of them, so we'll let you argue, but for purposes of our record and our understanding, we're arguing them one at a time. So I'll ask you to be sort of crisp in your argument and not give us a preview of the next one. We'll call that separately, and you'll argue that at that time. So you may proceed. Okay. The two cases, 1022 and 1139, are fairly similar, so my comments would apply to both of them. Right. I understand that. I'm talking about after this, there's yet, I guess, a third. So go ahead. In a way, there's a preview of what the panel may, how the panel may determine these two cases that are before the panel today. The panel issued an order a week ago on November 12th in case 1911, I'm sorry, 1910-23, which is based on pretty much the same issues. There are some minor differences between 1023 and the two cases before the court today. So I think that if I comment on what I believe are errors in the previous decision from November 12th in the 1023 case, that pretty much will present my position regarding the two cases that are before the court, before the panel today, and hopefully the panel will accept my view, my position. Basically, there are two issues, two basic issues in the, presented in the two cases before the panel today. The first one is, what does due process mean and how does it work? And the second one is, what are a debtor's duty under the Bankruptcy Code Section 521A? Excuse me. Regarding due process, the Supreme Court made it very clear that notice is elementary and fundamental requirement of due process. For the purposes of apprising all parties of interest in a case to know what the claims are and to have an opportunity to object if they choose to. In this particular case, it's true that it goes back to 1984. There was a partnership. I was a 50 percent partner. The other partner, for I believe malicious, wrongful reasons, filed the bankruptcy on behalf of the partnership without informing me, the other partner, of the bankruptcy petition. Shortly thereafter, the U.S. trustee issued a motion to dismiss the bankruptcy case because the other partner and the partnership lawyers did not prosecute the case. I was not informed of the motion to dismiss. I was not informed of the hearing. And I was not informed in a timely manner of the order to dismiss the case so that I could possibly object to the dismissal. In the November 12 decision, in case 1023, the panel referred to a previous offer, I'm sorry, previous effort to reopen the bankruptcy, the partnership bankruptcy case. And the panel refers to a hearing that took place in the bankruptcy court in December 12, 2012. And the opinion in the other case quotes directly the court saying, I believe you knew, Herder, I believe you knew very well, Mr. Herder, that it was dismissed. So in any case, I would like it to. Oh, that's something else. So the court stated that I knew about the bankruptcy case, the motion to dismiss the case and the order approving the dismissal. Therefore, I cannot come to the court now and say I didn't know. The one thing I want to say is that line in the November 12 decision was taken out of context. The line previous to that quote says by the lawyer for the partnership lawyers and the other partner, it says that Mr. Herder's 2001 verified complaint states in the specific place that Herder alleged that the 1984 bankruptcy case was dismissed. And then the bankruptcy court in December 2012 said, I believe you knew very well, Mr. Herder, that the case was dismissed. The 2001 complaint, which was the first legal effort to straighten out the situation, was filed 17 years after the bankruptcy case was filed and dismissed. And I claim under oath that at the time those events occurred in 1984, I didn't know that they occurred. I didn't have any way to know. And I did not object in a timely manner. And as a result of that bankruptcy case, I lost literally everything, which is described in detail in the U.S. District Court case. That was the exhibit B to the bankruptcy court present bankruptcy case dismissing Herder v. which is a separate matter before the panel. So I did not know. I was not the prize of the situation. I didn't have any way at the time to object to what was happening. The reason why all the things were done was to steal the property, the Westwood property, which was the purpose of the partnership from me and from the partnership. Now, the panel in the 1023 opinion from a week ago says that even if the panel accepts my argument, it's too late because the property was lost to foreclosure. And it is not possible 35 years later to undo that foreclosure. And I accept that argument, except that the Westwood property was only one asset of the partnership. The other assets were the stockings, a commerce club that the other partner concealed from me and from the partnership and has been hiding for the last 35 years. That asset can be returned to the partnership and divided, distributed properly. There is no need to undo anything. Which brings me to the second point about my comments about the 1023 opinion from a week ago, which is what does a debtor's duties on the bankruptcy court section 521A. And I'm sure the panel knows a debtor must disclose all the debtor's assets, known, unknown. It's a long definition. I put it in my papers. And the point that I try. Oh, and also a debtor must disclose all the creditors. The other partners that filed the bankruptcy petition concealed all the partnership assets, including the stock in the commerce club that he's been holding in his family trust for the last 35 years. And collecting the income that should go to the partnership, not to him as an individual and divided accordingly. Also the partnership petition, bankruptcy petition, lists several creditors, including the other partner, but those claims were bogus because they didn't contribute anything. The one partners that did contribute, the one creditors that did contribute a great deal, meaning me, contributing not only the Westwood property but my entire estate to secure a loan for the benefit of the partnership, this creditor he did not list. The final comment I want to make about those undisclosed, unscheduled assets is that undisclosed, unscheduled assets, when a bankruptcy case is closed or dismissed, remain property of the state forever until they are administered by the bankruptcy court or in some way dismissed by the U.S. trustee because those assets, and I carefully listed them all in my papers, those assets were not disclosed. They remain property of the state and certainly some of them, such as the stock in the Commerce Club, which I estimate the value to be about $35 million and they've been generating in round numbers about $170,000 a year for the last 35 years. That asset can be returned to the partnership and then distributed properly. One more comment, if I may, because this also came up in the decision from a week ago. I'm told the decision says that I tried to open the bankruptcy case, to reopen the bankruptcy case in that effort that I made in the bankruptcy court in December 2012, from which that quote that I knew about it, I mentioned earlier, and that case was dismissed and I can't come back and ask for it again. The point I want to make is what I'm trying to do now, starting in the bankruptcy court last year in 2018, I'm not trying to reopen the partnership bankruptcy case. I'm moving to vacate the order to dismiss the partnership bankruptcy case because of lack of notice and an order that does not give all interested parties proper notice is void and to vacate the void order, there is no time limit that can be done any time. So these are my arguments and if there are any questions, I'll be happy to answer them. Thank you very much. Thank you. Let's cover the next matter. Good morning, Your Honors. Good morning. This is a relatively simple case. To make a living, I became a loan broker. A couple of years ago, I arranged a loan of $5.7 million for Janet Jackson. It was done in cooperation with several other brokers. I was promised one point of the loan amount if the loan closes. The loan closed and it sold $57,000 commission. As I was promised, I received only $5,000. Initially, I considered filing a lawsuit in the Superior Court because this is not a bankruptcy case. Later on, for other reasons, I decided to file a bankruptcy case in 2018. So that claim for $52,000, 57 minus 5, became property of the state. So I filed an adversary case in the bankruptcy case, the 2018 bankruptcy case. Some parts of that case were dismissed. Some parts of the bankruptcy court allowed me to amend the complaint and file it again. Before that case was properly litigated on the merits, the bankruptcy case itself was dismissed. I filed an appeal and the court made a decision about a week ago. That's a different matter, but the bankruptcy court then dismissed my claim regarding the commission on the grounds that the case was moot because the bankruptcy case was dismissed. Without arguing the issues in dismissing the bankruptcy case, I believe as related to the adversary case regarding the commission, I believe the bankruptcy case was dismissed prematurely because there were still assets that were not litigated and resolved. The claim for the commission was dismissed as moot, not on the merits. So I'm not sure how the panel can resolve that issue. Perhaps the panel should stay resolving the commission adversary case until a decision is made about the bankruptcy case itself. Yes, the panel decided to affirm the bankruptcy court dismissal of the case. I'm planning to file a motion for reconsideration based on errors that I believe were made in the decision. So if the panel can stay decision about this particular case, that's 191083, that might avoid extra complications and extra processing and decision. Thank you. Thank you. Thank you. All right, thank you, Mr. O'Day, for your arguments. These matters will be under submission, but as part of the process we will consider your request for some kind of delay of decision, which I think is what you're asking us to do there at the end. I appreciate it. Thank you all. Thank you. Thank you very much.
judges: Taylor, Spraker, Gan